## Drake's Appeal.

*Taxation—Classification of territory—Appeals—Philadelphia—Act of March 24, 1868, P. L. 443.*

Under the Act of March 24, 1868, P. L. 443, relating to the taxation of real estate in Philadelphia county, no appeal lies from the action of the board of revision of taxes classifying the territory or district in which real estate is located. An appeal lies to the common pleas from an assessment or valuation, but not from classification.

Argued May 10, 1911. Appeal, No. 58, Jan. T., 1911,

by Marian W. Drake, from order of C. P. No. 1, Phila. Co.,
Dec. T., 1909, No. 2,663, dismissing appeal from Board of
Revision of Taxes in the case of Marian W. Drake. Before
BROWN, MESTREZAT, POTTER, and MOSCHZISKER, JJ. Appeal quashed.

Appeal from action of the board of revision of taxes in
classifying real estate for the purposes of taxation. Before
MAGILL and KINSEY, JJ.

The court dismissed the appeal after hearing upon the
merits.

*Error assigned* was in dismissing the appeal.

*John Weaver* and *John G. Johnson*, with them *Joseph R.
Rhoads* and *John S. Gerhard*, for appellant.

*James Alcorn*, city solicitor, with him *Mayne R. Longstreth*, assistant city solicitor, for appellee.

PER CURIAM, July 6, 1911:

The appeal heard in the court below was not from the
assessment or valuation of the appellant's real estate,
but from the classification of the territory or district in
which it is located. By the Act of March 24, 1868, P. L.
443, it is made the duty of the board of revision of taxes
of the county of Philadelphia, "immediately after the
annual assessment in each year, to classify the real estate
so assessed in such a manner and upon testimony adduced before them, as to discriminate between the rural
and built up portions" of the city of Philadelphia. The
classification required by the act divides real estate in
the city of Philadelphia into built up portions, rural or
suburban property and agricultural and farm land, and
this leads to three rates of taxation. The tax upon the
rural or suburban portion of the city is not to exceed two-
thirds of the highest rate of tax required to be assessed, and
that upon agricultural and farm land is to be one-half of

the highest rate. The act of 1868 has conferred upon the board of revision of taxes the authority to classify real estate within the city of Philadelphia for the purpose of determining what proportion of the general tax rate is to be paid by two of the classes, and no statute allows an appeal from the decision of that tribunal. If the authority conferred upon it should be abused, the power of a court of equity would be adequate to restrain the perpetration of a palpable wrong: Erie v. Reed, 113 Pa. 468. Under the Act of April 19, 1889, P. L. 37, an appeal lies to the common pleas from an assessment or valuation by county commissioners or a board of revision of taxes, but this is very different from classification. Of the assessment or valuation of his property the appellant is not complaining. Appeal quashed.